



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | |
|---|---|
| Lauren E. Perry<br>Assistant United States Attorney<br>Lauren.Perry@usdoj.gov | Suite 400<br>36 S. Charles Street<br>Baltimore, MD 21201-3119 |
| | DIRECT: 410-209-4839<br>MAIN: 410-209-4800<br>FAX: 410-962-0716 |

September 18, 2017

Joseph A. Balter, Esq.
Law Office of Joseph A. Balter, LLC
1340 Smith Ave, Ste 200
Baltimore, Maryland 21209

      Re:    Plea Agreement in United States v. Thomas Joseph Conversano
              Criminal No. ELH-16-458

Dear Mr. Balter:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **September 25, 2017**, it will be deemed withdrawn. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

      1.    The Defendant agrees to plead guilty to Counts One and Two of the Superseding Information now pending against him, which charges him with use of an interstate commerce facility to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) and offense by a registered sex offender, in violation of 18 U.S.C. § 2260A. The Defendant admits that he is, in fact, guilty of those offenses and will so advise the Court.

<u>Elements of the Offense</u>

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

<u>Count One (Use of Interstate Commerce Facility to Entice Minor)</u>

      a.    First, that on or about the date alleged in the information, in the District of Maryland, the defendant used a facility of interstate commerce;

      b.    Second, that the defendant knowingly persuaded, induced, enticed and coerced Jane Doe to engage in sexual activity;

1

    c.    Third, that this sexual activity would violate Maryland law; and

    d.    Fourth, that Jane Doe was less than eighteen years old at the time of the acts alleged in the indictment.

### Count Two (Offense by a Registered Sex Offender)

    a.    First, that on or about the date alleged in the information, in the District of Maryland, the defendant was required to register as a sex offender;

    b.    Second, that the defendant committed a felony offense involving a minor.

### Penalties

3.    The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: as to Count One, not less than 10 years or for life imprisonment, $250,000 fine and lifetime supervised release; and as to Count Two, a ten year mandatory term of imprisonment to be imposed consecutive to any sentence imposed on Count One, a fine of $250,000, and period of supervised release of three years. In addition, the Defendant must pay $200.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4.    The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

5.    The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.    The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By

agreeing to proceed by way of Superseding Information, he is giving up that right, and understands that the charges will be filed by the U.S. Attorney and not reviewed by the Grand Jury.

   c. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have had the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have had the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have had to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   d. If the Defendant went to trial, the government would have had the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have had to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

   e. The Defendant would have had the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

   f. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal a verdict and the Court's decisions.

   g. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

   h. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

   i. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

<u>Advisory Sentencing Guidelines Apply</u>

6.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

7.     This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable Sentencing Guidelines factors:

a.     Because the offense involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, the base offense level, pursuant to U.S.S.G. § 2G1.3(c)(1) and §2G2.1 is **32**.

b.     There is a **2** level increase pursuant to § 2G2.1(b)(1), because the offense involved a minor who had not attained the age of sixteen years.

g.     This Office does not oppose a **2**-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**Accordingly, the final adjusted offense level is 31.**

8.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.     This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

4

Rule 11(c)(1)(C) Plea

10. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **22 years (264 months)** of imprisonment in the custody of the Attorney General and **twenty (20) years** of supervised release is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

Obligations of the Parties

11. At the time of sentencing, the parties will request that the Court sentence the Defendant to a sentence of **22 years** imprisonment and twenty (20) years of supervised release. After the sentence is imposed, this Office will move to dismiss the Indictment pending against the Defendant, including Count One of the Indictment which charges the defendant with Sexual Exploitation of a Child.

12. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including conduct involved in the counts of the Indictment that this Office has agreed to dismiss after the sentence is imposed.

Waiver of Appeal

13. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives his rights, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

    b. If the Court accepts the plea agreement and imposes a sentence of **22 years** imprisonment, the Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

    c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Forfeiture

14.     The Defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from the defendant on January 4, 2016 and further agrees to take whatever steps are necessary to pass clear title to those properties to the United States, including, but not limited to an LG Model LS770 cellular telephone, serial number 511CYGW0869455.

15.     The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### Waiver of Further Review of Forfeiture

16.     The Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

### Restitution

17.     Under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

### Obstruction or Other Violations of Law

18.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who

6

prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

19.     The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

20.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Stephen M. Schenning
Acting United States Attorney

By: _____
Lauren E. Perry
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_1-5-18_
Date

_Tom Conversano_
Thomas Joseph Conversano

I am Thomas Conversano's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_1-5-18_
Date

_[signature]_
Joseph A. Balter, Esq.

8

## ATTACHMENT A - Stipulated Facts

*If this matter had proceeded to trial, the Government would have proven the following beyond a reasonable doubt. The Defendant agrees that the following facts do not encompass all of the facts that would have been proven had this matter proceeded to trial.*

**THOMAS JOSEPH CONVERSANO** ("**CONVERSANO**"), age 28, was a resident of Damascus, Maryland.

At all times relevant to this factual stipulation, **CONVERSANO** was a registered sex offender based on two prior convictions for Maryland sexual offense, both involving sexual contact with different 15 year old females.

**CONVERSANO** met TS in December 2015 and began a sexual relationship with her. He knew that she was 14 years old. **CONVERSANO** told TS to download and set up an account on "Text Now" so that they could communicate without TS's parents finding out. **CONVERSANO** and TS communicated via cell phone regularly.

On December 31, 2015, **CONVERSANO** arranged, via cell phone, to go to TS's house in New Market, Maryland because **CONVERSANO** had active arrest warrants, had nowhere else to go, and was on the run. In the early morning hours of January 1, 2016, **CONVERSANO** snuck into TS's house where he remained for the next four days. During that time, **CONVERSANO** and TS had sex on multiple occasions. **CONVERSANO's** DNA was recovered from TS's bedroom and bedding. During those four days, **CONVERSANO** took several photos and videos of **CONVERSANO** and TS engaged in sexual activity. He took the photos and videos using his LG cell phone.

On January 4, 2016, TS's mother discovered TS naked, but for a blanket wrapped around her body. TS's mother then found **CONVERSANO** hiding in the closet of her daughter's bedroom and called 911. **CONVERSANO** fled the residence. Frederick County Sheriff's Department Officers responded and arrested **CONVERSANO** a short distance from the residence. The LG phone was recovered from **CONVERSANO**. The phone was forensically imaged and contained messages between **CONVERSANO** and TS and numerous images of TS naked and engaged in sexually explicit conduct. The victim's face is visible in the photos, the room is identifiable and, in some photos, **CONVERSANO's** face is partially visible. The phone was manufactured outside of Maryland and therefore affected interstate commerce.

\* \* \*

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case.

1-5-18
Date

Tm Conversano
Thomas Joseph Conversano

1

I am Thomas Conversano's attorney. I have carefully reviewed the statement of facts with him.

_1-5-18_
Date

_Joseph A. Balter, Esq._